Mr. Justice Brown delivered the opinion of the court.

## Abstract of the Decision.

1. Dismissal, nonsuit and discontinuance, § 11*—*one defendant may be dismissed after verdict rendered.* Where a verdict is rendered against two defendants in an action for services rendered, the Practice Act, § 39, J. &. A. ¶ 8576, permits a dismissal as to one defendant and the entering of a judgment against the other.

2. Brokers, § 28*—*when unlicensed broker may recover.* A person not a real estate broker under the meaning of Chicago Municipal Code may recover commissions without having had a broker's license.

3. Brokers, § 88*—*when evidence is sufficient for commissions.* In an action to recover commissions for the sale of property, evidence *held* sufficient to sustain a judgment for plaintiff.

---

## The City of Chicago, Defendant in Error, v. Thomas Confare, Plaintiff in Error.

### Gen. No. 18,064.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. John R. Caverly, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed November 3, 1913.

## Statement of the Case.

Complaint by the City of Chicago against Thomas Confare for making, aiding, countenancing and assisting in making an improper noise, riot, disturbance, breach of the peace and diversion tending to a breach of the peace in violation of the Chicago Code of 1911, § 2012. From a finding and judgment of conviction by the court, a jury having been waived, defendant brings error.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

ADOLPH MARKS, for plaintiff in error.

WILLIAM H. SEXTON and JAMES S. MCINERNEY, for defendant in error; EDWIN J. RABER and GEORGE L. REKER, of counsel.

MR. JUSTICE BROWN delivered the opinion of the court.

## Abstract of the Decision.

BREACH OF THE PEACE, § 1*—*what not breach of ordinance.* Evidence that a man crawled under a canopy of an elevated station and was looking through the cracks in the elevated station under women's clothes as they were passing up and down the station, in the absence of any other showing, does not show a violation of the Chicago Code of 1911, § 2012. The prosecution should have been under another section of the Code.

---

## Harry G. Green, Defendant in Error, v. David McGowan, Plaintiff in Error.

### Gen. No. 18,102.

1. JUDGMENT, § 114*—*when default on improperly amended return is erroneous.* Where a summons is returned as served on one defendant and not found as to all others and default is entered against the defendant served and afterwards the return is amended by erasing the name of the defendant defaulted and inserting the name of another defendant who is defaulted without notice of the change, *held* that the latter judgment should not be permitted to stand.

2. JUDGMENT, § 145*—*when affidavit to set aside a default states a meritorious defense.* Affidavit in support of a motion to vacate a default judgment, *held* to allege a meritorious defense.

Error to the Municipal Court of Chicago; the .Hon. EDWARD A. DICKER, Judge, presiding. Heard in this court at the March term, 1912. Reversed and remanded. Opinion filed November 3, 1913.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.